UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CIV-14118-RAR

**MARCUS L. TAYLOR**,

    Plaintiff,

v.

**RICHARD CASTILLO**,

    Defendant.
_____/

## ORDER DISMISSING AMENDED COMPLAINT

**THIS CAUSE** comes before the Court on Plaintiff's *pro se* Amended Complaint filed pursuant to 42 U.S.C. § 1983. *See* Amended Complaint ("Am. Compl.") [ECF No. 11]. Plaintiff alleges that Richard Castillo, an Assistant State Attorney employed by the Office of the State Attorney for Florida's Tenth Judicial Circuit, is in the process of maliciously prosecuting Plaintiff because he "did not wish to cooperate." Am. Compl. at 5. Upon review of the Amended Complaint, the Court concludes that it must be dismissed for three reasons: (1) the action is barred by *Younger v. Harris*, 401 U.S. 37 (1971); (2) the Amended Complaint is subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994); and (3) Defendant Castillo is absolutely immune from suit.

## LEGAL STANDARD

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* §

1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint[] or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted[;]" or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Similarly, under § 1915(e)(2), "the court *shall* dismiss [a] case *at any time* if the court determines that . . . the action" fails for the same enumerated reasons articulated under § 1915A. *Id.* § 1915(e)(2)(B) (emphasis added).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

## **ANALYSIS**

As far as the Court can tell, Plaintiff appears to allege that Defendant Castillo is presently prosecuting him as a punishment for failing to cooperate with the State. According to the Amended Complaint, on April 5, 2021, Mr. Castillo "presented a triangle deal" to Eneid Bano, an attorney representing Plaintiff in a state court criminal matter. Am. Compl. at 14. This "triangle deal" required Plaintiff "to convince [his] sister Myeesha Young to testify in an unrelated case against Derwin Callahan." *Id.* Plaintiff purportedly refused to accept this "triangle deal" multiple times, even though Mr. Castillo "made threats and promises to [Plaintiff's] family to retaliate." *Id.* at 12, 14. When Plaintiff held firm in his refusal, Mr. Castillo responded by "fil[ing] 3 new charges

against [Plaintiff] acting in revenge as he promised and threatened he would do." *Id.* at 12, 15. On December 2, 2021, a violation of probation hearing was held on these three "new charges," where Mr. Castillo allegedly presented false and perjured testimony during the hearing. *Id.* Plaintiff now alleges that Mr. Castillo has designated him a "violent offender of special concern," which means he is facing a life sentence based on these three fraudulent charges. *Id.* at 13, 16. Plaintiff's final allegation is that Mr. Castillo "has not made any plea agreements except for me to help him with my sister's case or I would be getting a life sentence." *Id.* at 16.

To begin, the *Younger* doctrine bars this court "from exercising [its] jurisdiction if doing so would 'disregard the comity between the States and the National Government.'" *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987)). This abstention doctrine "applies most often in cases involving pending state criminal prosecutions." *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009). It is undisputed that Plaintiff is requesting relief related to an ongoing state criminal proceeding. Plaintiff avers that Mr. Castillo improperly filed new charges against him when he rejected the "triangle deal"; in fact, Plaintiff admits that these charges have not been fully resolved since a sentencing hearing in this matter is currently set for May 24, 2022. Am. Compl. at 3.[1] *Younger*

---

[1] Plaintiff attaches various documents to his Amended Complaint regarding his pending state court cases. The Court may take judicial notice of the contents in a state court docket. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute.'") (quoting Fed. R. Evid. 201(b)). In reviewing the court records of the Tenth Judicial Circuit Court in and for Highlands County, Florida, the Court has noted three relevant cases involving Plaintiff: **2010-CF-001160**, **2019-CF-000699**, and **2019-CF-000701**. Consistent with Plaintiff's allegations, Plaintiff is presently facing violation of probation charges in Case No. 2010-CF-001160 and a hearing is set for May 24, 2022. Plaintiff is facing no additional charges in the other cases as they were both dismissed by the State on December 14, 2021 by way of *nolle prosequi*.

Consistent with the Court's exercise of judicial notice, the Clerk is **INSTRUCTED** to include the Tenth Judicial Circuit's docket in the three aforementioned cases, as of the date of this Order's rendition, as part of the record in this case, available at https://www.civitekflorida.com/ocrs/app/partyCaseSummary.xhtml (last accessed May 6, 2022).

abstention is appropriate here "because (1) the state criminal proceedings against [Plaintiff are] pending; (2) criminal proceedings involve important state interests; and (3) [Plaintiff can raise] his constitutional challenges in the state criminal proceedings." *Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 766–67 (11th Cir. 2013).

There are, however, at least four exceptions to the *Younger* doctrine which would allow a federal court to intervene in state court matters: "(1) there was evidence the state proceedings were motivated by bad faith; (2) there was no adequate alternative state forum where the constitutional issues could have been raised; (3) the state law being challenged was patently unconstitutional; or (4) more generally, a federal injunction was necessary to prevent grant and irreparable injury." *Narciso v. Walker*, 811 F. App'x 600, 602 (11th Cir. 2020). Plaintiff alleges that the current state court proceedings against him were brought in bad faith by Mr. Castillo. *See* Am. Compl. at 12 ("[Castillo] filed 3 new charges against me acting in revenge as he promised and threatened he would do."). However, a "bad faith prosecution" only arises when charges are brought "without a reasonable expectation of obtaining a valid conviction." *Redner v. Citrus Cnty., Fla.*, 919 F.2d 646, 650 (11th Cir. 1990). While Plaintiff claims that this new prosecution was born through animus, he does not allege that it was brought without Mr. Castillo "having a reasonable expectation of a finding of guilt or a favorable outcome." *White v. Cox*, No. 21-11337, 2021 WL 5562761, at *2 (11th Cir. Nov. 29, 2021). On the contrary, Mr. Castillo did obtain a favorable outcome as Plaintiff has apparently been found guilty of the violation of probation offenses. *See* Am. Compl. at 12–13 (alleging that Plaintiff is facing a life sentence resulting from the violation of probation offenses); *see also Cave v. Stone*, No. 20-61955-CIV, 2021 WL 4427451, at *17 (S.D. Fla. Sept. 27, 2021) (declining to apply the "bad faith" exception to *Younger* where there was evidence the plaintiff was actually guilty of the charged offenses).

Even if the bad faith exception <u>might</u> apply, there are still other grounds to dismiss the Amended Complaint. For instance, these proceedings are also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has <u>been reversed on direct appeal, expunged by an executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus</u>[.]"

*Id.* at 486–87 (emphasis added). Put another way, *Heck* prevents a plaintiff from attacking "the underlying constitutionality of [a] conviction or confinement in a way that is reserved for [a petition for writ of habeas corpus]." *Dyer v. Lee*, 488 F.3d 876, 880 (11th Cir. 2007). Plaintiff's underlying criminal case is ongoing and has not been dismissed, expunged, reversed, or called into question. As previously discussed, the Amended Complaint's central allegation is that Mr. Castillo's prosecution against Plaintiff is without any legal or factual basis; therefore, granting the relief sought in the Amended Complaint "would necessarily imply that the plaintiff's criminal conviction was wrongful." *Heck*, 512 U.S. at 486 n.6. Since the Amended Complaint is an attempt to collaterally attack an ongoing criminal conviction that has not been invalidated, *Heck* bars Plaintiff from advancing any claims under § 1983. *See Rosa v. Satz*, 840 F. App'x 491, 493 (11th Cir. 2021) ("But because Rosa has not demonstrated that her conviction has already been invalidated, her claim is barred by *Heck*.").

Finally, even if *Younger* and *Heck* did not apply, the Amended Complaint must still be dismissed because it seeks relief against a defendant who is immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii), 1915A(b). Prosecutors are "entitled to absolute immunity for certain functions intimately associated with the judicial process." *Hart v. Hodges*, 587 F.3d 1288, 1294

(11th Cir. 2009).  This absolute immunity extends to any actions a prosecutor takes in his or her role as "an advocate for the state."  *Id.* at 1295.  This includes actions related to "initiating a prosecution and in presenting the State's case[,] . . . conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing."  *Rehberg v. Paulk*, 611 F.3d 828, 837–38 (11th Cir. 2010) (internal citations omitted); *see also Imbler v. Pachtman*, 424 U.S. 409, 437 (1976) ("The general rule was, and is, that a prosecutor is absolutely immune from suit for malicious prosecution.").  Even if a prosecutor "knowingly proffered perjured testimony and fabricated exhibits at trial, he is entitled to absolute immunity from liability for doing so."  *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279–80 (11th Cir. 2002).  Plaintiff's allegations against Mr. Castillo all involve his actions as "an advocate for the state."  Plaintiff claims that Mr. Castillo, *inter alia*, "filed 3 new charges against [Plaintiff] in revenge," "permitted both Daniel Welkes and Dustin Campbell to take the stand against me and lie," improperly "designated [Plaintiff] as a violent offender of special concern," and refused to "make any plea agreements" except for the aforementioned "triangle deal."  Am. Compl. 12–16.  All of these decisions are squarely within the discretion and traditional functions of a prosecutor, meaning that prosecutorial immunity bars Plaintiff's suit against Mr. Castillo.  *See Rehberg*, 611 F.3d at 837–38.

## **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Amended Complaint [ECF No. 11] is **DISMISSED** *without prejudice* pursuant to *Younger* and *Heck*, and, in the alternative, for failing to state a claim upon which relief may be granted.  The Clerk is **INSTRUCTED** to include the relevant state court dockets in the record as previously set out in

this Order.  All pending motions, if any, are **DENIED** as moot.  All deadlines are **TERMINATED**.

This case is **CLOSED**.

        **DONE AND ORDERED** in Fort Lauderdale, Florida, this 6th day of May, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:    Marcus L. Taylor, *pro se*